IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. LEVY,

           Plaintiff,                  No. 2:13-cv-1024-MCE-EFB PS

        vs.

RYAN SEACREST;
DICK CLARK PRODUCTIONS;
WALT DISNEY,

           Defendants.            ORDER AND
                                      FINDINGS AND RECOMMENDATIONS

_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  *See* Dckt. No. 2.  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3    it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12       In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must

16   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19   grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20   (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21       Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins.*

23   *Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24   1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question

25   jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26   allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

2

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint alleges that "she would like to sue Ryan Seacrest (Swiss-American) for Breach of contract and sending her on a wild goose chase (bullying) from California to Georgia in May 2011." Compl., Dckt. No. 1, at 2. Plaintiff alleges that on March 22, 2011, she made a call with her cell phone to Seacrest vis Kiisfm "to shout out and inquire about volunteering for Defendant's children's organization, Ryan Seacrest Foundation in Atlanta, Georgia." *Id.* Plaintiff contends that Seacrest "returned her call to her cell phone on March 24, 2011 and agreed for her to volunteer," and that Kiisfm recorded their conversation. *Id.* Plaintiff also alleges that Seacrest "invited her to meet with him in person at the Grove in Los Angeles on April 24, 2010 to screen a movie, Shrek Forever," and that when they met, Seacrest signed her an autograph. *Id.* Plaintiff contends that she was the only fan out of 250 who received an autograph, and that Eddie Murphy and Antonio Banderas witnessed it. *Id.*

According to plaintiff, when she arrived in Atlanta in May 2011, Seacrest's foundation refused to allow her to volunteer. *Id.* She contends that she then called and emailed Seacrest, but he did not return her calls or emails. *Id.* at 2-3. Plaintiff contends she saw Seacrest in New York City "on December 29, 2011 at the Rockin Eve with Dick Clark that he hosts once a year at Times Square . . . to inquire as to the reasons he had sent her to Georgia on a wild goose chase." *Id.* at 3. Plaintiff alleges that Seacrest told two male security guards to get her telephone number and stated that he would call plaintiff back, but "he reneged again." *Id.*

3

1      Plaintiff contends that "she was invited to NYC by Victoria's Secret in August 2011 to

2  model bras and corsets when she was stranded in Atlanta after . . . Seacrest reneged," and that

3  thereafter, Victoria's Secret reneged. *Id.* She alleged that due to Seacrest's breach of contract,

4  "she sustained physical injuries such as homelessness and loss of reputation." *Id.* Plus, her

5  "priceless possessions, including two lap[tops], five expensive jewelry and her piano worth over

6  a million dollars were stolen in Georgia." *Id.* Plaintiff contends that Seacrest has her laptops or

7  knows who has them, and uses them to send emails to various people on her behalf. *Id.* at 4.

8  She also contends that Seacrest founded his children's hospital on November 4, 2010, after he

9  "received her music link on June 7, 2010," and that he emulated her style. *Id.* at 5.

10      Plaintiff further alleges that when she was at the "Rockin Eve" event, a male police

11  officer from the New York Police Department "deliberately propelled his dog towards her,"

12  despite her fear of dogs. *Id.* at 4. Plaintiff contends that "she fell several times and injured her

13  hips badly." *Id.*

14      According to plaintiff, Seacrest "bullied her in California, Georgia, and New York," that

15  "ousting someone from an activity, a job, TV, program, opportunity, volunteer job etc. for no

16  apparent reason is bullying," and that "it has become a never-ending bullying." *Id.* at 4, 5. She

17  contends she has "suffered at least 50 wrongful terminations and 5000 refusals at the hands of

18  women," and that three women kidnapped her child in 2003. *Id.* at 5. Plaintiff says that "since

19  then she began to promote the economy by suing corporations for acts of discriminations on

20  behalf of all children." *Id.* Plaintiff believes "she should be commended for reporting

21  Defendants to courts and promoting the economy" and she "deserves an accolade from federal

22  courts." *Id.* at 6. As a result of her efforts, "[m]ore than two hundred defense attorneys have

23  been hired." *Id.*

24      Plaintiff contends defendant discriminated against her on the basis of her national origin

25  and disability, in violation of the Civil Rights Act, 42 U.S.C. § 2000a, and the Americans with

26  Disabilities Act. *Id.* at 6, 7. Plaintiff contends she is Nigerian-American and that she has a

1  "physical disability."  *Id.*  Plaintiff seeks ten million dollars, future medical treatment for her

2  hips, and punitive damages.  *Id.* at 7.

3          It does not appear from plaintiff's complaint that this court has subject matter jurisdiction

4  over plaintiff's claim(s).  Plaintiff contends that this court has diversity jurisdiction pursuant to

5  28 U.S.C. § 1332, but she does not establish the citizenship of either plaintiff or defendant, or

6  that such citizenship is diverse.  She says nothing about her own current citizenship (other than

7  stating that she was born in Florida, *id.* at 7), and contends only that "defendants are

8  incorporated in California."  *Id.*; *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed

9  to be a citizen of every State and foreign state by which it has been incorporated and of the State

10  or foreign state where it has its principal place of business") (emphasis added).

11          Nor is it clear how the facts alleged in the complaint would give rise to a federal claim.

12  To the extent plaintiff purports to state a claim under 42 U.S.C. § 2000a (Title II of the Civil

13  Rights Act of 1964), that claim fails because plaintiff has not alleged that she was denied full and

14  equal enjoyment of defendant's "goods, services, facilities, privileges, advantages, and

15  accommodations" due to discrimination based on her race, color, religion, or national origin.  *See*

16  42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods,

17  services, facilities, privileges, advantages, and accommodations of any place of public

18  accommodation, as defined in this section, without discrimination or segregation on the ground

19  of race, color, religion, or national origin.").  Although plaintiff states in a conclusory manner

20  that she was discriminated against on the basis of her national origin and disability, she has not

21  alleged any facts that would demonstrate that such a claim is plausible on its face.

22          Also, to the extent plaintiff purports to state a claim under the Americans with

23  Disabilities Act ("ADA"), the claim fails because plaintiff does not sufficiently allege that she is

24  disabled within the meaning of the ADA, and she does not allege any plausible connection

25  between her purported disability and defendant's alleged conduct.  *See* 42 U.S.C. § 12102(1)

26  ////

1   (The ADA defines a disability as (1) a physical or mental impairment that substantially limits

2   one or more major life activities; (2) a record of such an impairment; or (3) being regarded as

3   having such an impairment.).  Moreover, the only remedy under Title III of the ADA, 42 U.S.C.

4   § 12182, is injunctive relief.

5        Finally, to the extent plaintiff's claim is brought under 42 U.S.C. § 1983, that claim must

6   be dismissed because plaintiff fails to allege that defendant was a state actor or was otherwise

7   acting under color of law, she fails to identify the constitutional rights that defendant allegedly

8   violated, and she fails to explain how defendant's actions resulted in the deprivation of any

9   constitutional right.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983,

10  plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that

11  the violation was committed by a person acting under the color of state law).

12       Moreover, the court notes that this complaint appears to be one of several hundred

13  frivolous complaints that plaintiff has filed all over the country.  *See Ajuluchuku-Levy v.*

14  *Schleifer,* 2009 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) ("[A] survey of the dockets of the

15  United States district courts reveals that as of the date of this Order, Plaintiff has commenced

16  two hundred fifty-eight (258) actions in various district courts across the United States.  Several

17  district courts have noted that "the 'overwhelming majority' of cases filed by plaintiff have been

18  totally without merit.") (quoting *Ajuluchuku v. Southern New England School of Law*, 2006 WL

19  2661232, at *3 (N.D. Ga. Sep. 14, 2006)).  In light of plaintiff's frivolous allegations herein, as

20  well as her history of filing frivolous actions containing many of the same allegations, the court

21  will recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C.

22  § 1915(e)(2).[1]  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily

23

24       [1] On June 14, 2013, plaintiff filed a "motion to supplement" numerous complaints and
    amended complaints she has filed in this court, including the complaint in the present action.
25  Dckt. No. 3.  However, plaintiff has not filed an amended complaint herein, and nothing in her
    "motion to supplement" provides a basis for this court's jurisdiction or a basis for providing
26  plaintiff leave to amend.

1   would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears
2   amendment would be futile).
3           Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in
4   forma pauperis, Dckt. No. 2, is granted.
5           IT IS FURTHER RECOMMENDED that:
6           1.  Plaintiff's complaint be dismissed without leave to amend; and
7           2.  The Clerk be directed to close this case.
8           These findings and recommendations are submitted to the United States District Judge
9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
10  after being served with these findings and recommendations, any party may file written
11  objections with the court and serve a copy on all parties.  Such a document should be captioned
12  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
13  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
14  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
15  Dated:  June 19, 2013.

16

17                              EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26